IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES W. PETERS, JR. and <br> ROBYN PETERS, <br><br> *Plaintiffs,* <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC <br> and WELLS FARGO BANK, N.A., <br><br> *Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

### DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, 1331, and 1332, Defendant Specialized Loan Servicing, LLC ("SLS"), hereby removes the above-captioned action from the 271st Judicial District Court of Wise County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

### THE REMOVED CASE

1. The removed case is a civil action filed on May 30, 2019, in the 271st Judicial District Court of Wise County, Texas, styled *James W. Peters, Jr. and Robyn Peters v. Specialized Loan Servicing, LLC, and Wells Fargo Bank, N.A.* The case received Cause No. CV19-05-446 in the state court.

2. Plaintiffs are a citizens and residents of Texas according to the Original Petition. *See* 28 U.S.C. §1332.

3. SLS is a foreign entity doing business in the State of Texas. Its principal place of business is located in Colorado. SLS is thus a citizen of Colorado for purposes of determining

1

diversity. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).

4. Wells Fargo is a foreign entity doing business in the State of Texas. Its principal place of business is located in South Dakota. Wells Fargo is thus a citizen of South Dakota for purposes of determining diversity. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006).

5. On June 3, 2019, Plaintiff served Defendant SLS. Removal is timely pursuant to 28 U.S.C. §1446(b). In accordance with 28 U.S.C. §1446(a) and Local Rules of the United States District Court for the Northern District of Texas, attached hereto as Exhibits 1 through 5, inclusive, are true and correct copies of all process, pleadings, and orders in the state court action to date.

## VENUE

6. Venue in the Northern District of Texas Fort Worth Division is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

7. Pursuant to 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C. §1332(a)(1). This case falls within this Court's original jurisdiction under Section 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

8. In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg.,*

*L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996); *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D. Tex. 1972) *affirmed* 479 F.2d 1044.  In *Farkas*, the plaintiff sought to enjoin foreclosure of real property; the property is the object of the litigation. *Farkas* at 341.  "In actions enjoining a lender from transferring property and preserving an individual's ownership interest . . . the value of the property represents the amount in controversy." *Id*.

9. In this case, Plaintiffs seek to preserve their alleged ownership rights and equity, if any, in real property located at 313 County Road 3598, Boyd, Texas 76023 (the "Property"). Plaintiffs do not allege a value for the Property in their Complaint. According to the Wise County Appraisal District, the 2019 appraised value of the Property is at least $123,920 (the "CAD Value") (Exhibit 5).  Moreover, Plaintiffs assert in their Petition that the amount in controversy in this case exceeds $200,000.

10. Plaintiffs seek to retain possession of the Property.  At a minimum, the CAD Value establishes the amount in controversy. *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000).

11. Other United States Courts in the Fifth Circuit make similar findings of fact and conclusions of law. *See also King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000); *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S. D. Tex 2012).

12. In *Kew*, Judge Rosenthal denied remand.  She found that "case law makes clear that the value of the Kews' home . . . is the amount in controversy in this litigation.  The Kews seek a permanent injunction preventing the defendants from 'taking any action to foreclose, remove, evict, or deprive [their] peaceful enjoyment of their home.'" *Id*. at *3.  If the Kews do

not prevail, the Property will be foreclosed, and they will lose all of their rights in the Property. "Because the entire Property is the object of the litigation, the value of the Property - which is greater than $75,000 - is the amount in controversy." *See Buttelman v. Wells Fargo Bank, N.A.,* No. 5:11–CV–00654–XR, 2011 WL 5155919, at *4 (W. D. Tex. Oct.28, 2011) (holding that because the plaintiff sought to enjoin foreclosure of the Property, the value of the Property was the amount in controversy); *Berry v. Chase Home Fin., LLC,* No. C–09–116, 2009 WL 2868224, at *3 (S. D. Tex. Aug. 27, 2009) (holding that because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property," "the value of the declaratory and injunctive relief to Plaintiff" was "the current appraised fair market value of the Property").

13. Because the Fifth Circuit's and Judge Rosenthal's opinions are well-reasoned and directly on point, there is no question that the amount in controversy exceeds the minimum threshold requirement for this Court. For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332, and thus removal to this Court by Defendant is proper.

### This Court has Federal Question Jurisdiction under § 1331

14. Plaintiffs allege violations of federal statute and raises federal questions in their Complaint.

15. Under Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' [*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)].... The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a '"suit arises under the law that creates the cause of action."' *Id.,*

4

at 8-9, quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)." *Merrell Dow*, 478 U.S., at 808.

16. In Plaintiffs' Original Petition, Plaintiff allege violations of the Real Estate Settlement Procedures Act ("RESPA"). *See* Exhibit 2, Plaintiffs' Original Petition, ¶45-48 and 58-70.

### CONSENT TO REMOVAL

17. Defendant Wells Fargo consents to removal of the above referenced matter pending in Tarrant County, Texas to the United States Northern District of Texas – Fort Worth Division (Exhibit 6).

### CONCLUSION

18. Pursuant to 28 U.S.C. §1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 271st Judicial District Court of Wise County, Texas. A true and correct copy of said Notice is attached hereto as Exhibit 4.

    Respectfully submitted,

    By: //s// Branch M. Sheppard
        BRANCH M. SHEPPARD
        Texas State Bar No. 24033057
        bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation
BERENICE MEDELLÍN PRUETTIANGKURA
Texas State Bar No. 24088746
bmedellin@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT,**
**SPECIALIZED LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was delivered via facsimile to the following on this 13th day of June, 2019.

DAVID M. VEREEKE
GAGNON, PEACOCK & VEREEKE, P.C.
1349 EMPIRE CENTRAL DRIVE
SUITE 500, LOCK BOX 56
DALLAS, TEXAS 75247
**ATTORNEY FOR PLAINTIFFS**

ELIZABETH HAYES
ROBERT T. MOWREY
MARC D. CABRERA
2200 ROSS AVENUE, SUITE 2200
DALLAS, TEXAS 75201
**ATTORNEYS FOR WELLS FARGO**

               //s// Branch M. Sheppard
               Branch M. Sheppard